UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>SEQUOIA MAIN STREET, LLC,<br><br>    Defendant. | Case No. 21-cv-03793-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiff Brian Whitaker has sued defendant Sequoia Main Street, LLC ("Sequoia"), for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12182(a), and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Whitaker is a quadriplegic who uses a wheelchair for mobility. He alleges that he visited "Happy Nails," a business located on Sequoia's property, but could not patronize the business because "there was an unramped step at the entrance." Dkt. No. 1 ¶¶ 8, 12. Whitaker says that Sequoia's failure to provide "wheelchair accessible paths of travel" denies him full and equal access in violation of the ADA. *Id.* ¶¶ 10, 16.

Sequoia's request to dismiss the complaint for failure to state a claim under *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) -- a case brought by the same plaintiff here -- is denied. As this Court recently explained, *Tesla* "affirmed a dismissal of Whitaker's claims because the complaint alleged only that Tesla 'failed to provide accessible service counters,' without stating whether the counters were too low, too high, or inaccessible for a different reason. The panel concluded that, '[w]ithout this sort of factual detail,' Tesla 'was left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.'" *Whitaker v. AMT Tech, Inc.*, No. 21-cv-03045-JD, Dkt. No. 18 (N.D. Cal. Aug. 16, 2021) (quoting *Tesla*, 985 F.3d at 1177).

Here, Whitaker, a quadriplegic, has specifically alleged the existence of an unramped step at the entrance to Happy Nails, which is enough to give Sequoia fair notice of the claim that he was denied full and equal access under the ADA. Sequoia suggests that Whitaker needed to allege that the "unramped step actually blocked his travel" or that it was "too high to get over or presented too far a drop to go down," Dkt. No. 9 at 8, but pleading an ADA claim does not require such additional details.

For the same reasons, Sequoia's request to dismiss the complaint for lack of standing is denied. In addition, Whitaker has alleged an intention of returning to Happy Nails once it complies with the ADA, Dkt. No. 1 ¶ 20, which also establishes standing. *See Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020 WL 1557434, at *4 (N.D. Cal. Mar. 31, 2020) (citing *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017)).

Sequoia's request to "declare Whitaker a vexatious litigant, which would require him to obtain leave of court before filing future claims under the Americans with Disabilities Act in any California Court," Dkt. No. 9 at 13, is denied. Whitaker's complaint states a perfectly plausible claim for relief, and so it is neither frivolous nor harassing. The sanctions of a pre-filing order and vexatiousness declaration are not warranted in these circumstances. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-49 (9th Cir. 1990).

**IT IS SO ORDERED.**

Dated: October 26, 2021

JAMES DONATO
United States District Judge